JOHN MACKIN, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. Where insanity is set up as a defence in a criminal case the test of responsibility is the capacity of the defendant, at the time of the doing of the act complained of, to distinguish between right and wrong with respect to that act.

2. The law does not recognize as a defence to a criminal charge a form of insanity in which the defendant knows that the act which he does is wrong, but, notwithstanding, is unable to refrain from doing it.

On error to the Hudson Oyer and Terminer.

For the plaintiff in error, *Norman L. Rowe* and *John A. Dennin.*

For the defendant in error, *Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, J.    The writ of error in this case brings up for review a judgment of the Court of Oyer and Terminer of the county of Hudson, entered upon a verdict convicting the plaintiff in error of murder of the first degree.    The crime charged against him in the indictment upon which he was tried was the murder of his wife, and the defence interposed on his behalf was insanity.    The court charged the jury, among other things, that "if you should find that he [*i. e.,* the plaintiff in error] was, by reason of any disease of the mind at the time of the commission of this fatal act, incapable of distinguishing between right and wrong, in respect to that act which he was then doing, then you will acquit him of any degree of murder, then you will find him not guilty."

It is urged, on behalf of the plaintiff in error, that this instruction to the jury of the test to be applied by them in determining whether the insanity of the prisoner, if it existed, was such as to relieve him from responsibility for his act, was erroneous ; and it is insisted that the true rule, in cases of this kind, is that if a person, being insane, is impelled by an irresistible impulse to do the criminal act, he is not legally responsible for its commission, even if he was able at the time to distinguish between right and wrong, and knew the quality of the act done.

The instruction complained of is taken from the response of the English judges to the inquiry put to them by the

House of Lords, in *McNaghten's Case*, 10 *Cl. & F.* 210, as
to what are the proper questions to be submitted to a jury
when a person, alleged to be afflicted with insane delusion, is
charged with the commission of a crime, and insanity is set
up as a defence. The answer of the judges to this question,
delivered by Lord Chief Justice Tindal, was that the jury
should be instructed that, "to establish a defence on the
ground of insanity it must be clearly proved that, at the time
of the committing of the act, the party accused was laboring
under such a defect of reason, from disease of the mind, as
not to know the nature and quality of the act he was doing,
or, if he did know it, that he did not know that he was doing
what was wrong." The rule established by McNaghten's
case was, shortly after its publication in 1843, adopted by
Chief Justice Hornblower in the case of *State* v. *Spencer*,
1 *Zab.* 196, and since that time has been universally accepted,
by the criminal courts of this state, as the test to be applied
in cases where insanity has been set up as a defence to an
indictment.

A rule of such importance, which has become so completely
imbedded in the administration of the criminal law, must be
considered as no longer subject to challenge. *Graves* v. *State*,
16 *Vroom* 208; *Genz* v. *State, ante p.* 488. The instruction
to the jury, which is complained of, being in accordance
with the rule adopted in this state, cannot be successfully
attacked.

It is not suggested, on behalf of the plaintiff in error, that
the trial court erred in any other respect, either in the recep-
tion or rejection of testimony, or in its charge to the jury;
but the entire record of the proceedings had upon the trial
having been returned with the writ of error, it became our
duty, in accordance with the provisions of the supplement to
the "Act regulating proceedings in criminal cases," approved
May 9th, 1894 (*Gen. Stat., p.* 1154, § 170), to examine the
whole of that record in order to ascertain whether the plaint-
iff in error, on the trial below, suffered manifest wrong or
injury, whether by rejection of testimony, or in the charge

made to the jury, or in the denial of any matter by the trial court which was a matter of discretion, or upon the evidence adduced upon the trial. This duty we have discharged with the care which the grave importance of the case demands, but a thorough scrutiny of all of the proceedings fails to disclose anything which indicates that the plaintiff in error has suffered wrong or injury in any of the ways adverted to.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, GUMMERE, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, KRUEGER, NIXON. 12.

*For reversal*—None.